IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **In re:**<br><br>**STAFFORD RHODES, LLC,**<br>**BEAUFORT CROSSINGS, LLC,**<br>**STAFFORD VISTA, LLC, and**<br>**STAFFORD WESLEY, LLC,**<br><br>Debtors. | Case No. 7:12-cv-133 (HL)<br><br>Case No. 12-70859 |

## ORDER

This Court undertakes a review of a Motion for Leave to Appeal an Interlocutory Order Denying Motion to Dismiss Cases (Doc. 1), filed by LSREF2 Baron LLC (as to Vista), LSREF2 Baron 2, LLC (as to Wesley), and Wells Fargo Bank, N.A. (as to Rhodes and Beaufort) (collectively, the "Lender"). For the reasons stated more fully below, the Motion is denied.

I. **BACKGROUND**

The Debtors in this case are four special purpose corporate entities that each own a shopping center located in either Georgia or South Carolina. (Doc. 1, p. 2.) Each of the Debtors borrowed money from the Lender's predecessor[1] beginning in either 2006 or 2007, depending on the particular Debtor. Id. The Lender is owed approximately $27 million by the Debtors. (Doc. 1, p. 5.) All four

---

[1] In the fall of 2011, the original lender sold the loans to the current Lender. The details of the ownership transfer are not relevant for purposes of the present Motion.

of the loans executed by the Debtors – the Vista Loan, the Wesley Loan, the Rhodes Loan, and the Beaufort Loan – originally had maturity dates that were set at various times not relevant to this Motion. However, all of the maturity dates were extended at some point so that the maturity date for each loan was May 5, 2012. (Doc. 1, p. 3.)

In April 2012, shortly before the loans were set to mature, the Debtors' agent sent the Lender a settlement offer. (Doc. 1, p. 3.) The Debtors informed the Lender that if the settlement was not approved, there was a chance that the Debtors would file bankruptcy. (Doc. 1, p. 3-4.) The Lender did not accept the settlement offer, and on May 5, 2012, the Debtors failed to pay the outstanding balance of the loans. (Doc. 1, p. 5.) On May 31, 2012, the Lender notified Debtors Vista and Wesley of its intent to conduct a non-judicial foreclosure sale of the Vista Collateral and the Wesley Collateral. (Doc. 1, p. 5.) On June 14, 2012, the Lender initiated an action against Debtors seeking judicial foreclosure of the Rhodes Collateral and the Beaufort Collateral. (Doc. 1, p. 5.)

On June 29, 2012, the Debtors filed petitions for relief under chapter 11 of Title 11 of the United States Code. These petitions were filed with the Bankruptcy Court for the Middle District of Georgia. (Doc. 1, p. 5.) These petitions were filed two days prior to the scheduled foreclosure sale of the Vista and Wesley Collateral. Id.

The Lender alleges that the Debtors filed these bankruptcy proceedings in bad faith in an attempt to thwart the Lender from acquiring the Debtors' collateral.

This allegation was originally presented to the Bankruptcy Court in the form of a Motion to Dismiss. To resolve the Motion to Dismiss, the Honorable John T. Laney, III, United States Bankruptcy Judge for the Middle District of Georgia, held a three-day evidentiary hearing. (Doc. 2, p. 2.) On September 5, 2012, the Bankruptcy Court held a telephonic hearing to further discuss the Motion to Dismiss, and pursuant to Bankruptcy Rule 7052, the Bankruptcy Court made detailed findings of fact and conclusions of law that resulted in the denial of the Motion to Dismiss. Id. On September 11, 2012, the Bankruptcy Court entered an Order Denying the Motion to Dismiss. Id. The Lender now asks this Court for leave to file an interlocutory appeal on the Order Denying the Motion to Dismiss.

II. **ANALYSIS**

An interlocutory appeal is not a matter of right, but a federal district court may exercise discretion and permit the appeal of interlocutory orders entered by a bankruptcy judge. Laurent v. Herkert, 196 Fed. Appx. 771, 772 (11th Cir. 2006); *see also* 28 U.S.C. § 158(a)(3). Discretionary interlocutory appeals are governed by 28 U.S.C. § 1292(b), a statutory provision which sets the parameters for this type of appeal.

While filing an interlocutory appeal is permissible under § 1292, this type of appeal, which presents an issue to the appellate court before the entry of final judgment, is not a preferred course of action. "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm

3

final judgment rule." Caterpiller Inc. v. Lewis, 519 U.S. 61, 74, 117 S. Ct. 467 (1996) (internal quotation marks omitted). The moving party has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Tobkin v. Calderin, 2012 WL 3609867 at *2 (S.D. Fla. Aug. 22, 2012) (quoting Coopers Et Lyband v. Livesay, 437 U.S. 463, 475, 98 S. Ct. 2454 (1978)).

Under § 1292(b), an interlocutory appeal is only appropriate if the moving party is able to demonstrate that: "(1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." Laurent, 196 Fed. Appx. at 772 (citing 28 U.S.C. § 1292(b)). A controlling question of law is one that involves pure legal interpretation and not any finding of fact. "[W]hat the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" McFarlin v. Conseco Servs., 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting Ahrenholz v. Board of Trustees of the Univ. of Illinois, 219 F.3d 674, 677 (7th Cir. 2000)). A fact-intensive inquiry is not appropriate for interlocutory appeal.

In this case, the Lender argues that the determination of whether the Debtors filed their bankruptcy petition in bad faith can be determined through a routine application of the factors found in In re Phoenix Piccadilly, 849 F.2d 1393,

1394 (11th Cir. 1988). In that case, the Eleventh Circuit analyzed several factors to determine if a bankruptcy petition was filed in bad faith. Those factors included the following:

- (i) The Debtor has only one asset, the Property, in which it does not hold legal title;

- (ii) The Debtor has unsecured creditors whose claims are small in relation to the claims of Secured Creditors;

- (iii) The Debtor has few employees;

- (iv) The Property is the subject of a foreclosure action as a result of arrerages on the debt;

- (v) The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and

- (vi) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

Id. at 1394-95. The Lender argues that these factors can be applied without any factual analysis, and thus, there is a controlling question of law that is appropriate for an interlocutory appeal. This Court disagrees.

An application of the Phoenix Piccadilly factors is more involved than a simple legal question that can be "decide[d] quickly and cleanly without having to study the record." McFarlin, 381 F.3d at 1258. To the contrary, courts have found that an application of the Phoenix Piccadilly factors requires an intensive fact analysis that cannot be done in a routine way. "Phoenix Piccadilly has not been applied mechanically, because '[b]ad faith in the filing of a bankruptcy petition is

5

a finding of fact not subject to any per se approach.'" In re Park Forest Development Corp., 197 B.R. 388, 393 (Bkrtcy. N.D. Ga. 1996) (quoting In re Clinton Fields, Inc., 168 B.R. 265, 269 (Bkrtcy. N.D. Ga. 1989)). The Middle District of Florida noted that "[w]hile the Phoenix Piccadilly factors provide guidance, the court must engage in a fact-intensive inquiry that focuses on whether a debtor intended 'to abuse the judicial process and the purposes of the reorganization provisions' or 'to frustrate the legitimate efforts of secured creditors to enforce their rights', as well as evidence that may indicate the legitimacy of a debtor's Chapter 11 filing." In re Harco Co. of Jacksonville, LLC, 331 B.R. 453, 456 (Bkrtcy. M.D. Fla. 2005) (quoting Phoenix Piccadilly, 849 F.2d at 1394).

Further, the Eleventh Circuit has never suggested that the factors listed in Phoenix Piccadilly serve as a rigid standard for determining bad faith. *See* In re Harco Co., 331 B.R. at 456 (determining that "[w]hile the factors enunciated in Phoenix Piccadilly are helpful in identifying bad faith, the Eleventh Circuit does not appear to suggest that the factors, if applicable, mandate dismissal."); *see also* In re Venice-Oxford Assocs. Ltd. Partnership, 236 B.R. 805, 810 (Bkrtcy. M.D. Fla. 1998) (stating that the Phoenix Piccadilly factors are not a "mandatory and exclusive itemization of factors to be mechanically applied in every determination of good or bad faith."). These factors were, and still are, considered only guideposts in deciding whether a party is acting in bad faith.

The Lender suggests that an application of the Phoenix Piccadilly factors to this case can be done without any analysis of the facts and can be resolved as a question of law. As the case law cited above demonstrates, courts have routinely recognized that an application of the Phoenix Piccadilly factors requires a more in-depth analysis to make the determination of good or bad faith.

III. **CONCLUSION**

Interlocutory appeals under § 1292(b) "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." Simpson v. Carolina Builders Corp., 222 Fed. Appx. 924, 925 (11th Cir. 2007) (quoting McFarlin v. Conseco Servs., 381 F.3d 1251, 1259 (11th Cir. 2004)).

In this case, the moving party has been unable to show that there is a controlling question of law that can be resolved without any fact analysis. Thus, an interlocutory appeal is not appropriate. The Court exercises its discretion to deny the motion for leave to appeal.

**SO ORDERED**, this 7th day of November, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr